**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SHANE ROBINSON,**            **CASE NO. 2:10-CV-0503**

    **Petitioner,**

**v.**                                       **JUDGE HOLSCHUH**

**WARDEN, MANSFIELD CORRECTIONAL
INSTITUTION,**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed.

### I. PROCEEDINGS IN THE STATE COURTS

According to the petition, this action involves petitioner's February 10, 2005, conviction (after a jury trial held in the Jefferson County Court of Common Pleas) on charges of aggravated murder, complicity to commit aggravated murder and murder, felonious assault, and complicity to commit felonious assault, all accompanied by firearm specifications. The petition further states that on July 5, 2007, the Ohio Seventh District Court of Appeals affirmed petitioner's convictions and sentence, and on December 12, 2007, the Ohio Supreme Court dismissed his subsequent appeal. The Court's independent

research confirms this information. *See State v. Robinson*, 2007 WL 1976578 (Jefferson Co. App. July 5, 2007), appeal not allowed, *State v. Robinson,* 116 Ohio St. 3d 1440 (December 12, 2007). Petitioner is currently serving a sentence of twenty-three years to life in prison. *Id*.

Also according to the petition, petitioner challenged his conviction in a post-conviction proceeding filed under Ohio Rev. Code §2953.21. The trial court denied the petition on May 25, 2007, and that decision was affirmed by the Seventh District Court of Appeals on December 15, 2008. This information has also been confirmed. *See State v. Carter,* 2008 WL 5228925 (Jefferson Co. App. December 15, 2008). That decision is captioned *State v. Carter* because petitioner and his co-defendant, Kelly Carter, both filed petitions for post-conviction relief on the same day and their appeals were heard together. Neither the petition nor the Court's research shows that petitioner appealed the denial of his appeal of the post-conviction petition to the Ohio Supreme Court.

On June 3, 2010, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He appears to have signed it the day before. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon six grounds, all of which (save ground six) he asserts were raised either in his direct appeal or his post-conviction petition. As to ground six, he alleges that the supporting facts for that claim were not known to him until after he filed his appeal and that they do not appear on the face of the record. The obvious question raised by the procedural history of the case is whether the filing of this action is barred by the one-year

statute of limitations that applies to §2254 cases.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, petitioner's conviction became final on March 11, 2008, *i.e.*, ninety days after the Ohio Supreme Court's December 12, 2007, dismissal of his appeal, when the time

3

period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). As recognized by § 2244(d) (2), the running of the statute of limitations is tolled while a properly-filed post-conviction action is pending. Although the Seventh District Court of Appeals did raise a question about the timeliness of the post-conviction action which petitioner filed, it ultimately resolved that question in petitioner's favor. *See State v. Carter, supra.* Therefore, the statute of limitations was tolled from March 11, 2008 until December 15, 2008, when the appeal of the post-conviction action was decided, and perhaps for another 45 days, the period during which petitioner could have taken a further appeal to the Ohio Supreme Court. *See Tucker v. Wilson,* 2009 WL 545136 (N.D.Ohio March 04, 2009). Thus, the statute of limitations began to run, at the latest, on January 29, 2009, which is 45 days after December 15, 2008. It expired one year later, on January 29, 2010. This action was not filed until more than four months later, and is clearly untimely.

In some cases, the failure to file a habeas corpus petition in a timely fashion can be excused by the doctrine of equitable tolling. However, "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

4

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*; *cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, *citing Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

Here, there is nothing in the petition which addresses any of these factors. In the absence of affirmative evidence that would justify use of the doctrine of equitable tolling, the Court finds no justification for the untimely filing of this case.

### III.  RECOMMENDED DISPOSITION

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

5

## IV.  PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue should the case be dismissed.

    /s/ Terence P. Kemp
    United States Magistrate Judge